Robert L. DAVIDSON, and Guenther R. Roth, Plaintiffs,

v.

Thomas C. WILSON, Winthrop Securities Co., Inc., and Winthrop Financial Associates, a limited partnership, a Maryland limited partnership, Defendants.

Civ. No. 4–89–762.

United States District Court,
D. Minnesota,
Fourth Division.

April 10, 1991.

John MacFerran Lefevre, Jr. and John Randolph Larson, Holmes & Graven, Minneapolis, Minn., for plaintiffs.

Elmer Bernard Trousdale, Oppenheimer, Wolff & Donnelly, St. Paul, Minn., and Rebecca E. Bender, Oppenheimer Wolff & Donnelly, Minneapolis, Minn., for defendants.

MEMORANDUM OPINION
AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiffs Robert L. Davidson and Guenther R. Roth brought this action against defendants Thomas C. Wilson, Winthrop Securities Co., and Winthrop Financial Associates. They asserted claims based on state and federal securities laws, the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68, breach of fiduciary duty, and common-law fraud. They sought injunctive relief and

damages. Jurisdiction is alleged pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964(a), (c).

On March 6, 1990, this court granted summary judgment on plaintiffs' securities claims because some of the claims were time-barred and because plaintiffs had failed to show evidence that their alleged reliance was justified. 763 F.Supp. 1465. The court left counts 2 (RICO) and 3 (common-law fraud) of plaintiffs' complaint intact at that time. Now before the court is defendants' motion for summary judgment on counts 2 and 3.

Plaintiffs contend that defendants made misrepresentations to them to induce the purchase of certain limited partnership interests. Plaintiffs each bought "units" in the Wilcap Holding Limited Partnership (Wilcap Holding). These units gave them an interest in an office building in Irvine, California. Plaintiffs purchased their respective units through Wilson who was employed by Winthrop Securities. Winthrop Securities was owned by Winthrop Financial Associates (WFA).

Davidson alleges that he was contacted by Wilson in September 1986 regarding investing in Wilcap Holding. He claims that Wilson told him that an investment of $105,000 would result in a 1986 tax loss of $132,000 and a return of $7,000 or more per year. Davidson now asserts that these oral representations were false.

Roth makes similar allegations with regard to his investment which was arranged by his agent, Jerald K. Shaw. Roth claims that Wilson contacted Shaw in October 1986 about investing in Wilcap Holding. He alleges that Wilson told Shaw that an investment of $475,000 would result in a three to one tax write off for 1986, and a return of eight percent per year for the life of the investment.

Both plaintiffs claim that they were not provided written information on these investments prior to investing. Defendants claim that plaintiffs signed subscription agreements which specifically disavow any oral representations and acknowledge receipt of the written offering materials. Plaintiffs argue that they signed these agreements after investing and never received the Wilcap Holding investment materials.[1]

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Agristor Leasing v. Farrow,* 826 F.2d 732, 734 (8th Cir.1987). In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). A fact is material only when its resolution affects the outcome of the case. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The non-moving party may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.,* at 322–23, 106 S.Ct. at 2552–53.

Defendants move for summary judgment on plaintiffs' fraud claim arguing that plaintiffs cannot show a misrepresentation of fact (as opposed to a prediction of future events) and that there was no reasonable reliance. They rely on this court's March 6, 1991 Memorandum Opinion and Order which determined that plaintiffs failed to demonstrate reasonable reliance as a mat-

---

**1.** Davidson denies ever receiving any offering memorandum. Roth acknowledges receiving the WCI memorandum, but denies receiving the WH memorandum.

Both plaintiffs appear to have actually received the subscription agreements before investing so any factual dispute is over when they signed the agreements. Plaintiffs claim that they signed the agreements after investing. Defendants contend that this claim is inconsistent with plaintiffs' prior sworn statements about when they signed the agreements.

ter of law. Since Minnesota law also requires reasonable reliance, they contend summary judgment should be granted.

Plaintiffs respond, claiming that they made their decision to invest based on Wilson's oral representations about the tax treatment and future return of their investment. They assert that they had prior dealings with Wilson, and that despite their requests, they were denied access to any written offering materials. They claim that they only signed the subscription agreements after the investments were already made. Disputed facts, they claim, prevent summary judgment.

■■■ In addition to other elements, a plaintiff must show reasonable reliance to prevail on a claim of common-law fraud under Minnesota law. *E.g., Hanson v. Ford Motor Co.*, 278 F.2d 586, 591 (8th Cir.1960); *see Specialized Tours, Inc. v. Hagen*, 392 N.W.2d 520, 532 (Minn.1986). Justified or reasonable reliance is judged by a subjective, rather than objective standard. *See Berg v. Xerxes–Southdale Office Bldg. Co.*, 290 N.W.2d 612, 616 (Minn. 1980). The capacity and experience of the recipient of the alleged misrepresentations are therefore relevant. *Id.*

■■■ Whether or not plaintiffs signed the subscription agreements after they made their investments does not create a genuine issue of fact since they both acknowledge receiving the subscription agreements prior to investing. *See* Davidson's response to defendants' interrogatory Nos. 1 and 3; Davidson Deposition at pp. 39, 41–42, 54; Roth's responses to defendants' interrogatory Nos. 1 and 3; Roth Affidavit dated September 1989 at ¶ 8; Shaw deposition at pp. 110–112, 116–117. The subscription agreements repeatedly refer to the WCI and the WH Memorandum which would have informed plaintiffs of the existence of these documents despite their claim that Wilson made contrary statements. These agreements warrant that the investor had received and read both the WH and WCI memoranda. Subscription Agreement at ¶¶ B.1.F. and B.1.G. More importantly, the agreements plainly state that the tax results of a partnership

investment are not susceptible to absolute prediction, that the partnership has no operating history, and that the investor has evaluated and understands the risks of the investment. Subscription Agreement at ¶¶ A.3.F.; B.1.D.; B.1.G.

The court has previously determined that plaintiffs' reliance on the oral representations of Wilson under these circumstances was not justified as a matter of law. Memorandum Opinion and Order dated March 6, 1990, 763 F.Supp. 1465, 1468. Since Minnesota law also requires proof of reasonable reliance to prevail on a fraud claim, plaintiffs cannot establish an essential element of their common-law claim and summary judgment should be granted. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *see also Kennedy v. Josephthal & Co.*, 814 F.2d 798, 805 (1st Cir.1987) (dismissing state law fraud claims for lack of reasonable reliance after finding no reliance on 10b–5 claim).

Defendants argue that plaintiffs' RICO claim must fail for a number of reasons including that plaintiffs have failed to show the requisite predicate acts; that they cannot demonstrate a causal connection between the alleged mail fraud and their damages; that they cannot show a continuing enterprise, or a pattern; and that they have not produced any evidence of a RICO conspiracy.

Plaintiffs respond that their complaint alleges sufficient predicate acts of wire fraud (the telephone solicitation) and mail fraud to support a RICO claim. Although the alleged predicate acts occurred over a relatively short period of time, plaintiffs argue that there is a threat of continuing criminal activity because defendants' ongoing business involves the sale of investments by phone and mail. Plaintiffs maintain that their RICO claim may rest on the previously dismissed securities fraud counts and the remaining common-law fraud count. They also argue that a disputed fact question exists as to whether they suffered damages as the result of defendants' fraud, and that defendants could be involved in a RICO conspiracy even if no predicate acts occurred.

It is unnecessary to discuss each of defendants' arguments relating to plaintiffs' RICO claim because plaintiffs have failed to demonstrate a sufficient pattern of racketeering activity under *H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). Under *H.J., Inc.*, demonstrating a pattern under RICO requires both relationship and continuity. 109 S.Ct. at 2901. Even assuming that the alleged acts in this case are related, predicate acts extending over a relatively short period, without the threat of future criminal activity, are insufficient to satisfy the continuity prong. *H.J., Inc.*, 109 S.Ct. at 2902; *see also Marshal–Silver Constr. Co. v. Mendel*, 894 F.2d 593 (3rd Cir.1990). All the alleged predicate acts in this case occurred within a short period of time and plaintiffs have not produced evidence of the threat of any future criminal activity.[2] Defendants' motion for summary judgment on plaintiffs' RICO claim should therefore be granted.[3]

## ORDER

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendants' motion for summary judgment is granted, and plaintiffs' complaint is dismissed with prejudice.

---

**2.** Plaintiffs' claim that a future threat exists because defendants regularly use the telephone and mails to solicit investments is misplaced. There is nothing illegal about use of these instrumentalities. To satisfy the continuity requirement, it is the threat of future illegal activity that must be demonstrated. *H.J., Inc.*, 109 S.Ct. at 2902 & n. 4.

**3.** Plaintiffs have also failed to produce sufficient evidence to support a claim for conspiracy under RICO. To prevail on a conspiracy claim, plaintiffs must show an agreement among or between defendants to violate RICO. *See United States v. Kragness*, 830 F.2d 842, 860 (8th Cir. 1987). It is not enough to merely show that defendants were affiliated. *See United States v. Neapolitan*, 791 F.2d 489, 499 (7th Cir.1986) (mere association with enterprise not enough), *cert. denied*, 479 U.S. 940, 107 S.Ct. 422, 93 L.Ed.2d 372 (1986).